IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CEDRIC KING** **PLAINTIFF**

**v.** **No. 4:05CV265-P-A**

**CORRECTIONS CORPORATION**
**OF AMERICA, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the plaintiff's January 3, 2006, and March 9, 2006, motions for a temporary restraining order or preliminary injunction. In his motions, the plaintiff seeks an order from the court prohibiting the defendants from retaliating against him for filing a grievance. For the reasons set forth below, the instant motions shall be denied.

**Discussion**

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe*

*Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument as framed in the instant motion. He claims that the defendants at the Delta Correctional Facility have retaliated against him for filing a grievance by beating him, confiscating a pair of tennis shoes that the plaintiff possessed for medical reasons, then later having him moved to the Mississippi State Penitentiary where he now faces more restrictive custody. The Rule Violation Report regarding possession of contraband shoes has been expunged from the plaintiff's record. The plaintiff's allegations regarding the rest of his claims are not substantial enough to persuade the court that a temporary restraining order or preliminary injunction would be appropriate.

In addition, the plaintiff has been moved from the facility in which the staff with whom he was in conflict work. As such, those staff members can no longer take action against the plaintiff. This fact militates against a finding that the plaintiff currently faces irreparable harm.

As the plaintiff has failed to demonstrate a substantial likelihood that he will prevail on his claim – and as he is no longer housed in the same facility as his alleged tormentors – the plaintiff's January 3, 2006, and March 9, 2006, motions for a temporary restraining order or preliminary injunction shall be denied. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE