# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CEDRIC KING**  **PLAINTIFF**

**V.**  **NO: 4:05CV265-WAP-EMB**

**CORRECTIONS CORPORATION**
**OF AMERICA, ET AL.**  **DEFENDANT**

## REPORT AND RECOMMENDATION

**BEFORE THE COURT** are Plaintiff's "Request for Default Judgment" [doc. 57] and Defendant Corrections Corporation of America's ("CCA") Response [doc. 61]. Having duly considered the submissions of the parties, the record and applicable law, the undersigned is of the opinion that Plaintiff's application for default judgment should be denied.

By the instant motion, Plaintiff states defendant, Investigator Randle, was an employee of CCA at the time of the events which make the basis of the Complaint and was insured under CCA's liability insurance policy. Plaintiff goes further to assert that service of process was made upon CCA on July 21, 2006, and CCA's attorney has responded on behalf of all defendants except Randle. Plaintiff argues that because CCA has failed to respond on behalf of Randle, it has also defaulted on his behalf. Ultimately, Plaintiff seeks a judgment against CCA for the actions of Randle as alleged in the Complaint. CCA responds that entry of a default judgment would be improper because Randle was sued in his individual capacity and has not been served with process in this action**.**

The Court agrees with CCA. The record indicates that a summons was issued for Randle on July 19, 2006 [doc. 32]; however, a return of service filed August 24, 2006, indicates that

Randle was not served [doc. 42]. Because Defendant Randle has been sued in his individual capacity and because he has not been served with process in this action, it is recommended that Plaintiff's motion for a default judgment be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 17th day of April, 2007.

                                                             **/s/   Eugene M. Bogen**
                                                             **UNITED STATES MAGISTRATE JUDGE**